UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID ANGEL SIRFUENTES, III,

                Plaintiff,

-against-

CITIBANK, N.A.,

                Defendant.

25-CV-4786 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Grand Rapids, Michigan, brings this *pro se* action alleging that Defendant Citibank, N.A. violated his rights under the Fair Credit Reporting Act ("FCRA") and various state laws. For the following reasons, this action is transferred to the United States District Court for the Western District of Michigan.

## DISCUSSION

    Venue for Plaintiff claims under the FCRA and state law is governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff alleges that Defendant is a "national banking association organized under the laws of the United States" and that it maintains "a principal place of business" in New York,

New York. (ECF 1, at 3.) He further alleges that Defendant "conducts substantial business in this judicial district and throughout the United States." (*Id.*) While Defendant may maintain a place of business in this District, its main office, as listed on its federal charter, is in South Dakota. *See Citibank, N.A. v. Aralpa Holdings Ltd. Partnership*, 714 F. Supp. 3d 416, 424 (S.D.N.Y. 2024); *see also Flores v. Citibank, N.A.*, No. 24-CV-3665 (LTS), 2024 WL 3905975, at *3 (S.D.N.Y. Aug. 22, 2024) (holding that Citibank, N.A. is a citizen of South Dakota for diversity purposes based on the location of its main office and collecting cases).

Plaintiff alleges no facts suggesting that Defendant engaged in any acts giving rise to his claims at its office in this District. Because Plaintiff does not allege facts suggesting that a substantial part of the events giving rise to his claims occurred in this District or that Defendant is subject to the court's personal jurisdiction with respect to this action, venue appears improper in this District under Section 1391(b)(1), (2).

In the complaint, Plaintiff alleges that he experienced the injuries allegedly caused by Defendant at his residence in Grand Rapids, Michigan. Grand Rapids is located in Kent County, which falls within the Western District of Michigan. *See* 28 U.S.C. § 102(b). Venue is therefore proper under Section 1391(b)(2) in the Western District of Michigan. *See, e.g.*, *New York Mercantile Exch. v. Central Tours Int'l, Inc.*, No. 96-CV-8988 (SAS), 1997 WL 370600, at *4 (S.D.N.Y. July 1, 1997) ("The place where the harm occurred is . . . relevant for venue purposes.").

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Grand Rapids, Michigan, which is in the Western District of Michigan. *See* 28 U.S.C. § 102(b). Accordingly,

2

venue lies in the Western District of Michigan, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Michigan, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Michigan. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 21, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge